**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIBURCIO CARRILLO CRUZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1178

Agency No.
A095-012-908

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 7, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner Tiburcio Carrillo Cruz, a citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals (BIA) dismissing his

appeal from a decision of an Immigration Judge (IJ) denying his applications for

withholding of removal and protection under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's

legal conclusions de novo and its factual findings for substantial evidence. *See*

---

* This disposition is not appropriate for publication and is not precedent except as
provided by 9TH CIR. R. 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

*Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. An IJ denied Petitioner's applications for withholding of removal and CAT protection. The BIA affirmed. Petitioner timely appeals.

2. Petitioner failed to show a "clear probability" of persecution on account of a protected ground, as required for withholding of removal. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted); *see* 8 U.S.C. § 1231(b)(3)(A). Petitioner proposed a circular social group of "victims of gang violence." Substantial evidence supports the BIA's determination that Petitioner's proposed group is neither particular nor socially distinct, and thus is not a cognizable social group. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) (stating that it is a "well-established principle that a particular social group must exist independently of the harm asserted"). Accordingly, Petitioner's withholding of removal claim fails. *See Diaz-Reynoso*, 968 F.3d at 1084 ("[I]t is the applicant's burden to demonstrate the existence of a cognizable particular social group." (citations omitted)).

3. Substantial evidence also supports the BIA's determination that Petitioner

failed to show that, if removed, he more likely than not would be tortured by or with the acquiescence of a Guatemalan public official. *See* 8 C.F.R. § 1208.16(c)(2). Petitioner does not challenge the IJ's findings that his past experiences did not rise to the level of torture, *see* 8 C.F.R. § 1208.16(c)(3)(i), that it would be reasonable for him to relocate to avoid the violence he has experienced, *see* 8 C.F.R. § 1208.16(c)(3)(ii), or that his country conditions evidence did not reveal "gross, flagrant[,] or mass violations of human rights" in Guatemala; *see also* 8 C.F.R. § 1208.16(c)(3)(iii). Petitioner cites only generic evidence of violence in Guatemala on appeal. This is insufficient to meet the CAT protection standard, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), and Petitioner's claim fails.

**DENIED.**